IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MICKI C. MITCHELL and
RANDY MITCHELL                                                                PLAINTIFFS

VS.                                    CASE NO. 08-CV-1051

LOUISVILLE LADDER INC.,
FORMERLY LOUISVILLE LADDER
GROUP, LLC                                                                     DEFENDANT

## **MEMORANDUM OPINION**

Before the Court is a Motion for Summary Judgment filed by Defendant Louisville Ladder, Inc. ("Louisville Ladder"). (Doc. 14). Plaintiffs have responded. (Doc. 18) Defendant has replied to Plaintiffs' response. (Doc. 25). The Court heard arguments regarding this motion on April 9, 2009. The Court finds the matter ripe for consideration.

### **I. BACKGROUND**

This is a products liability action arising from Plaintiff Micki Mitchell's ("Mitchell") fall on November 23, 2003, from a four-foot metal step ladder manufactured by Louisville Ladder. In her complaint, Mitchell sets forth two counts against Louisville Ladder: (1) negligence and (2) strict liability.[1] Mitchell claims that the ladder is negligently designed and defective because it folded up on her when she was stepping down the steps of the ladder while wallpapering, causing her to fall and suffer injuries. Particularly, Mitchell suffered a broken ankle. Mitchell had been using the ladder without incident for approximately forty minutes before she fell, and

---

[1] Separate Plaintiff Randy Mitchell also makes a claim against Louisville Ladder for loss of companionship and services.

had moved the ladder two to three times from the time she began wallpapering until the time of her accident. (Deposition of Micki C. Mitchell, p. 6, 16, 25-26). During the course of her wallpapering that day, the first time that Mitchell saw the ladder in a closed position was after she had fallen and while she was lying on the floor. (Deposition of Micki C. Mitchell, p. 140). Mitchell stated that she never actually saw the ladder close up on her as she was standing on it. (Deposition of Micki C. Mitchell, p. 139-40). Mitchell alleges that the ladder was defectively designed because "it did not have the proper side bracket locks."

Defendant's expert, Dr. Erick Knox, a licensed engineer,[2] examined and evaluated the subject ladder's design and current condition. Dr. Knox opined that the ladder was not defective and that it did not fold up and close while Mitchell was standing on it but instead closed upon hitting the floor after Mitchell's fall. (Affidavit of Dr. Erick Knox, ¶ 4). Louisville Ladder moves for summary judgment on both counts of the complaint, arguing that the absence of any genuine issue of fact as to whether the ladder was defective or whether the accident was caused by a defect is fatal to each of Mitchell's claims.

## II. STANDARD OF REVIEW

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S.

---

[2]Dr. Knox is also the current chairperson of the American National Standard Institute ASC A14 committee on ladders and of the American National Standard Institute ANS A14.2 subcommittee on portable metal ladders.

317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Where no reasonable jury could render a verdict for the plaintiff, however, summary judgment is properly granted to a defendant. *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

### III. DISCUSSION

The Court will first consider Mitchell's strict liability claim and then her negligence claim.

*A. Strict Liability*

A manufacturer of a product is liable for harm to a person if the following two conditions are met: (1) it supplied the product to the person in a defective condition that rendered it unreasonably dangerous and (2) the defective condition was the proximate cause of the harm to the person. Ark. Code Ann. § 4-86-102(a)(1)-(3) (Supp. 2007). A "defective condition" is "a condition of a product that renders it unsafe for reasonably foreseeable use and consumption." *Id*. § 16-116-102(2) (Supp. 2007). A product is "unreasonably dangerous" when the product is dangerous to an extent beyond that which would be contemplated by the ordinary

or reasonable buyer or consumer, taking into account any special knowledge of the buyer. *Id*. § 16-116-102(7)(A).

Mitchell contends that "common sense" dictates that if a ladder folds up on someone while in use, then there must be a defect. In other words, Mitchell asserts that because the ladder folded up while Mitchell was stepping down, one can infer that the ladder is unreasonably dangerous and that Louisville Ladder is liable. However, Mitchell has the burden of proving causation. Here, Mitchell must prove that the ladder was unreasonably dangerous because of a design defect for which Louisville Ladder is responsible. The ladder's failure to perform as expected is not a sufficient condition for holding Louisville Ladder liable under a theory of strict liability. *See Ruminer v. General Motors Corp.*, 483 F.3d 561, 564 (8th Cir. 2007); *Crawford v. Sears Roebuck & Co.*, 295 F.3d.884, 885-6 (8th Cir. 2002) (holding that the mere fact that a twenty-year-old ladder buckled under a normal load was not sufficient basis, even under *res ipsa loquitur* doctrine, to raise issue of whether the ladder was defectively designed in lawsuit against retailer under negligence and strict liability theories).

In strict liability actions, Arkansas law normally requires proof of a specific defect. *Id*. Here, Mitchell alleges that the specific defect is the omission of proper side-bracket locks on the ladder. However, Mitchell offers no direct evidence[3] regarding the existence of this specific defect, only the conclusory allegation that the ladder folded up on Mitchell while she was using it. In order to demonstrate liability on the basis of circumstantial evidence, Mitchell must negate

---

[3]Mitchell never stated that she actually saw the ladder fold up on her. In fact, when asked if she saw the ladder start to close, Mitchell replied that she did not. (Deposition of Micki C. Mitchell, p. 139-40). In her affidavit, Mitchell only offers the conclusory allegation that the ladder folded up on her while she was using it.

4

the other possible causes of Mitchell's fall from the ladder for which Louisville Ladder would not be responsible in order to raise a reasonable inference of a design defect. *See id*.; *Crawford*, 295 F.3d at 886. Mitchell has failed to negate other possible causes. Mitchell only argues that, after viewing the "crooked" side spreader bars, a juror's common experience would tell him or her that the ladder is defectively designed. The Court disagrees. The Court believes that the design of ladders and their potential defects is something that is outside the realm of a juror's everyday experience.

Turning now to the only designated expert in this case,[4] the Court notes that Dr. Knox stated that he is unaware of any ladder that includes a component called a "side bracket lock." He further stated that ladders, such as the one at issue, include spreader bars that, in conjunction with the design of the ladder, lock it into an open position when the ladder is in use. Dr. Knox opined that when the subject ladder is fully open, it will not fold up and close when in use. He noted that a ladder can, however, fold up and close upon impact after a fall. Dr. Knox used the subject ladder to recreate Mitchell's actions, and he opined that the ladder did not fold up and close while Mitchell was standing on it. Instead, the ladder folded up and closed when it hit the floor after her fall. In Dr. Knox's opinion, the ladder was not defective.

Mitchell has not established that this is the type of case where an accident would not have occurred absent a defect and that the circumstances support an inference of liability for Louisville Ladder. *Id*. at 565. Moreover, Dr. Knox opined that the ladder was not defectively designed.

---

[4]Mitchell submitted to the Court the affidavit of her husband, Randy Mitchell, who is employed as a production supervisor for Albemarle Corporation and who considers himself to be a "journeyman plumber." Randy Mitchell opined that the ladder at issue is defective. However, the Court does not consider his opinion as an expert opinion on the issue of whether the ladder is defective.

5

The fact that Mitchell suffered injuries as a result of falling from a ladder and the conclusory allegation, not supported by any evidence, that the ladder folded up on her while in use does not "induce the mind to pass beyond conjecture as to liability for a defect." *See id.* at 565. Thus, Mitchell's strict liability claim must fail as a matter of law.

     *B. Negligence*

     Mitchell's other claim is that Louisville Ladder negligently designed the ladder at issue. Specifically, Mitchell alleges that Louisville Ladder breached its duty to manufacture a ladder that was reasonably designed by designing a ladder without proper "side bracket locks." The law of negligence requires that the plaintiff show that the defendant owed a duty and that the defendant breached this duty. *Wagner v. General Motors Corp.*, 370 Ark. 268, 273, 258 S.W.3d 749, 753 (2007). To establish a *prima facie* cause of action based on negligence, a plaintiff must show that he sustained damages, that the defendant was negligent, and that such negligence was the proximate cause of the damages. *Id.*, 258 S.W.3d at 754. Further, in negligence actions, the plaintiff must show that the defendant has failed to use the care that a reasonably careful person would use under circumstances similar to those shown by the evidence in the case. *Id.*, 258 S.W.3d at 754.

     One way to show negligence in supplying a defective product is to prove that the manufacturer negligently created or failed to discover a flaw. *See Earnest v. Joe Works Chevrolet, Inc.*, 295 Ark. 90, 94, 746 S.W.2d 554, 556 (1988). A plaintiff may establish negligence by direct or circumstantial evidence, but he or she "cannot rely upon inferences based on conjecture or speculation." *Id.*, 746 S.W.2d at 556. Here, the only evidence presented by Mitchell of a design defect is that the ladder "does not look right." Although there is evidence

that Mitchell's fall from the ladder caused her injuries, there is no evidence (either direct or circumstantial) from which it can be fairly inferred that any action by Louisville Ladder was the proximate cause of Mitchell's injuries.  Based on the evidence in this case or the lack thereof, one would be forced to rely upon inferences based on conjecture and speculation to conclude the following: (1) that the ladder was negligently designed; and (2) that this negligent design was the proximate cause of Mitchell's injuries.  The foregoing are critical elements that must be shown to prove a negligence claim in this case.  Mitchell's bare and conclusory assertion that Louisville Ladder negligently designed the ladder without proper "side bracket locks" is insufficient to establish a *prima facie* case of negligence against Louisville Ladder.  Moreover, Dr. Knox opined that the design of this ladder was proper.  Thus, Ms. Mitchell's negligence claim must fail as a matter of law.

### IV.  CONCLUSION

For reasons discussed herein and above, the Court finds that Louisville Ladder's Motion for Summary Judgment should be and hereby is **GRANTED**.  All claims against Defendant Louisville Ladder, Inc., shall be **DISMISSED WITH PREJUDICE**.  An order of even date, consistent with this opinion, shall issue.

IT IS SO ORDERED, this 21st day of April, 2009.

    /s/Harry F. Barnes  
    Hon. Harry F. Barnes  
    United States District Judge